**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen S. Edwards, | No. CV-18-01934-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Lakewood Community Association, | |
| Defendant. | |

At issue is the Court's subject matter jurisdiction over this action. In the Complaint (Doc. 1, Compl.), *pro se* Plaintiff Stephen S. Edwards raises what appear to be six state law claims (Counts I through VI) and two ostensibly federal causes of action, both labelled Count VII, with one entitled "Federal Fair Credit Reporting Act" and the other entitled "The Federal Fair Debt Collection Practices Act Reporting Act." Plaintiff apparently alleges that the basis of the Court's jurisdiction is a violation of federal law, "including The American with Disabilities Act, Intentional Emotional Duress." (Compl. ¶ 4.)

Unlike state courts, federal courts only have jurisdiction over a limited number of cases, and those cases typically involve either a controversy between citizens of different states ("diversity jurisdiction") or a question of federal law ("federal question jurisdiction"). *See* 28 U.S.C. §§ 1331, 1332. The United States Supreme Court has stated that a federal court must not disregard or evade the limits on its subject matter jurisdiction. *Owen Equip. & Erections Co. v. Kroger*, 437 U.S. 365, 374 (1978). Thus, a federal court is obligated to inquire into its subject matter jurisdiction in each case and to

dismiss a case when subject matter jurisdiction is lacking. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3).

Under Federal Rule of Civil Procedure 8, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Even where a complaint has the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim," it may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988). A dismissal for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Rule 8(a) also provides that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction." In other words, to proceed in federal court, a plaintiff must allege enough in the complaint for the court to conclude it has subject matter jurisdiction. *See* Charles Alan Wright & Arthur R. Miller, *5 Fed. Practice & Procedure* § 1206 (3d ed. 2014).

Plaintiff's Complaint lacks any plain, intelligible statement of the grounds for this Court's subject matter jurisdiction, as required by Rule 8(a). In his apparent jurisdictional statement, Plaintiff notes a federal question under the Americans with Disabilities Act (ADA), but never raises a claim against Defendant under the ADA. (Compl. ¶ 4.) This defect alone is cause for the Court to dismiss the Complaint. *See Watson v. Chessman*, 362 F. Supp. 2d 1190, 1194 (S.D. Cal. 2005).

In addition, the allegations contained in the Complaint fail to show federal subject matter jurisdiction. First, from the face of the Complaint, the Court cannot conclude that it has diversity jurisdiction over Plaintiff's claim because the parties are not citizens of

different states. *See* 28 U.S.C. § 1332. Instead, Plaintiff alleges both he and Defendant Lakewood Community Association are Arizona citizens. (Compl. ¶¶ 1, 6.)

In the two facially federal question claims called Count VII, Plaintiff fails to state a viable claim. In the first, under the Fair Credit Reporting Act ("FCRA"), Plaintiff alleges no specific facts, but rather provides a formulaic recitation of the elements of an FCRA cause of action, and only a partial one at that. (Compl. ¶¶ 62-66.) As the Supreme Court has made clear, such allegations are insufficient. *See Twombly*, 550 U.S. at 555. Moreover, under the FCRA, a claim against a furnisher of information to a credit reporting agency—as Plaintiff apparently alleges Defendant was—requires sufficient *factual allegations* from which the Court can plausibly infer that Plaintiff notified a specific credit reporting agency of inaccuracies in his credit report, that the credit reporting agency notified Defendant, and that Defendant failed to adequately investigate. 15 U.S.C. § 1681s-2(a); *Arikat v. JP Morgan Chase & Co.*, 430 F. Supp. 2d 1013, 1023 (N.D. Cal. 2006); *see also Cootey v. Countrywide Home Loans, Inc.*, 2011 WL 2441707, at *7 (D. Haw. June 14, 2011). Because Plaintiff may be able to cure these defects by amendment, the Court will dismiss the claim without prejudice. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's second facially federal question claim is unintelligible, frivolous, and inappropriate. (*E.g.*, Compl. at 14 (Judges in this District have engaged in "Sick Diabolical behavior").) The Court thus dismisses it without leave to amend. The Court also notes that Plaintiff made similar allegations with respect to the Court as well as Defendant in this case in his last Complaint in this District, in Case Number CV-17-04661-PHX-DLR, which another Judge in this District dismissed as frivolous. (*See* CV-17-04661-PHX-DLR, Doc. 6.)

The balance of Plaintiff's claims in this lawsuit are state law claims, and without another basis for the Court's jurisdiction, the Court lacks subject matter jurisdiction over those claims.

Finally, the Court notes that, while the Court affords the benefit of the doubt to *pro se* parties such as Plaintiff, they must still follow the Court's rules and Orders. *Faretta v.*

*California*, 422 U.S. 806, 834 & n.46 (1975) (noting that self-representation is not "a license not to comply with relevant rules of procedural and substantive law"). This is particularly true where, as here, Plaintiff has filed at least 18 lawsuits in this District in the last several years and should by now be familiar with the requirements for filing suit in federal court and with the Federal Rules of Civil Procedure.

IT IS THEREFORE ORDERED dismissing Plaintiff's Complaint (Doc. 1) for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that Plaintiff may file an Amended Complaint on or before July 9, 2018. Any Amended Complaint must comply with the provisions of this Order, the Federal Rules of Civil Procedure, and the Local Rules.

IT IS FURTHER ORDERED directing the Clerk of Court to deny all pending motions as moot and close this case without further Order of the Court if Plaintiff fails to file an Amended Complaint by July 9, 2018.

Dated this 22nd day of June, 2018.

Honorable John J. Tuchi
United States District Judge