**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen S. Edwards, | No. CV-18-01934-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Lakewood Community Association, | |
| Defendant. | |

At issue are the Second Amended Complaint (Doc. 17), Motion for Default Judgment (Doc. 21), and "Opposition and Rule 12(c) Motion for Judgment Against the Lakewood Community (HOA)" (Doc. 22) filed by Plaintiff Stephen S. Edwards, who proceeds *pro se* and *in forma pauperis* in this matter.

For cases such as the present one in which a party is permitted to proceed *in forma pauperis*—that is, the party lacks the means to pay court fees—Congress provided that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Section 1915(e) applies to all *in forma pauperis* proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id.* at 1127.

In the Second Amended Complaint (Doc. 17, "SAC"), Plaintiff raises eight claims against two Defendants: Lakewood Community Association and Maricopa County Superior Court. Under Federal Rule of Civil Procedure 8, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Even where a complaint has the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim," it may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988). A dismissal for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted).

I.  **ANALYSIS**

   A.  **Maricopa County Superior Court is Not a Jural Entity**

In Arizona, a plaintiff may sue a government entity only if the state legislature has granted that entity the power to sue or be sued. *Schwartz v. Superior Court*, 925 P.2d 1068, 1070 (Ariz. Ct. App. 1996). Maricopa County Superior Court is a non-jural entity—that is, it cannot be sued—and thus the Court must dismiss Plaintiff's claims against the Maricopa County Superior Court with prejudice and deny Plaintiff's Motion for Default Judgment against Maricopa County Superior Court. *See Yamamoto v. Santa Cruz Cty. Bd. of Supervisors*, 606 P.2d 28, 29 (Ariz. Ct. App. 1979).

   B.  **Count 1 – Fair Debt Collection Practices Act (FDCPA)**

In Count 1, Plaintiff apparently tries to raise a claim under the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, and apparently bases the claim on the placement of a judgment lien on Plaintiff's property by the attorney for Defendant Lakewood Community Association

(hereafter, "Defendant"). "As a threshold matter, the FDCPA applies only to a debt collector who engages in practices prohibited by the Act in an attempt to collect a consumer debt." *Mansour v. Cal–Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009). None of Plaintiff's factual allegations plausibly gives rise to a claim that Defendant tried to collect a consumer debt from Plaintiff or engaged in prohibited practices under the FDCPA in doing so. The Court must thus dismiss this claim. Because Plaintiff may be able to cure these defects by amendment, the Court will dismiss the claim without prejudice. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### C. Count 2 – Americans with Disabilities Act (ADA)

In Count 2, Plaintiff apparently tries to raise a claim under the ADA, 42 U.S.C. § 12101 *et seq.* From the allegations in the SAC, it is not apparent under which Title of the ADA Plaintiff intends to proceed. Because Plaintiff does not appear to be Defendant's employee, the Court presumes Plaintiff is not proceeding under Title I. Nor does Defendant appear to be a public entity, so Title II is inapplicable. Title III, which applies to private entities providing public services, requires entities to make reasonable accommodations so that people with disabilities can participate in and enjoy those services. *See PGA Tour, Inc. v. Martin*, 532 U.S. 661, 674-77 (2001).

The allegations in the SAC are wholly insufficient to state a claim under Title III of the ADA. For example, no factual allegations address what public services Defendant provides or how Defendant failed to reasonably accommodate people with disabilities in doing so. Instead, Plaintiff's allegations are that Defendant "is operating illegally as a for profit Community," followed by citations to the Fair Housing Act. (SAC at 5-6.) The Court must thus dismiss this claim, but will do so without prejudice. *See Lopez*, 203 F.3d at 1130.

### D. Count 3 – Intentional Infliction of Emotional Distress (IIED)

In Count 3, Plaintiff alleges that Defendant engaged in extreme and outrageous behavior by "prolonging litigation for 3 years based on Lies" by its lawyer. (SAC at 9.)

1  Under Arizona law, the tort of intentional infliction of emotional distress requires proof of three elements: (1) "extreme" or "outrageous" conduct on the part of the defendant; (2) the defendant's intent to cause emotional distress or reckless disregard of the near certainty that such distress will result; and (3) the plaintiff's severe emotional distress. *Citizen Publ'g Co. v. Miller*, 115 P.3d 107, 110 (Ariz. 2005).

The acts of engaging in litigation or obtaining a lien against a person do not, in and of themselves, constitute intentional infliction of emotional distress. *See, e.g.*, *Quinteros v. Aurora Loan Servs.*, 740 F. Supp. 2d 1163, 1172 (E.D. Cal. 2010). In the SAC, Plaintiff points the Court to state court cases brought by Defendant or affiliates of Defendant against him, in which Defendant apparently prevailed, and from which Plaintiff allegedly suffered emotional distress. A review of Arizona case law shows that the Arizona Court of Appeals upheld the Superior Court's dismissal of an entirely similar claim by Plaintiff that he suffered emotional distress from "evidence and testimony to facilitate judgment against him" in the same case he cites here, Arizona case number CV2014—092726. *Edwards v. Smith*, 2017 WL 1230386, at *1-2 (Ariz. Ct. App. Apr. 4, 2017). Like that court, this Court finds that, by simply alleging Defendant engaged and prevailed in litigation against him, Plaintiff "did not allege conduct in character and so extreme in degree, as to go beyond all possible bounds of decency, as is required for an intentional infliction of emotional distress claim." *Id.* at *1 (citation omitted). The Court will thus dismiss this claim, and will do so with prejudice, because the Court finds Plaintiff cannot plausibly cure the defects in this claim by amendment. *See Lopez*, 203 F.3d at 1130.

The Court also notes that, because diversity jurisdiction does not exist in this case, the Court would lack subject matter jurisdiction over this state law claim unless the Court can exercise supplemental jurisdiction over it. Thus, if Plaintiff is unable to state a federal question claim, the Court would also be required to dismiss a state law claim such as this one for lack of subject matter jurisdiction.

### E. Count 4 – Fair Housing Act

In Count 4, Plaintiff raises a claim under 42 U.S.C. § 3631, the penalties provision of the Fair Housing Act. To a large extent, Plaintiff's allegations under Count 4 are incomplete or lack context; for example, Plaintiff alleges: "MOOT THE WALL IS MOOT Can Never be Changed or modified forever!" (SAC at 11.) To the extent the Court understands the claim, Plaintiff seems to be basing it on the fact that the lawyer for Defendant is demanding money from Plaintiff, and Plaintiff alleges Defendant is trying to collect money that it has already received. (SAC at 11-12.) The Court cannot determine how these allegations plausibly add up to a Fair Housing Act violation. As a result, the Court will dismiss this claim, but will do so without prejudice. *See Lopez*, 203 F.3d at 1130.

### F. Count 5 – Civil Rights

In Count 5, Plaintiff apparently alleges that Defendant violated his civil rights, but he proceeds by citing sections of the Department of Justice's Manual regarding its enforcement of civil rights statutes. In other words, the Manual instructs United States Attorneys in the Department of Justice how they should proceed to institute civil actions for civil rights violations, as well as investigate and litigate such claims. A Manual such as this one is not a law under which a private party can proceed in bringing a civil lawsuit, unlike some statutes and their accompanying regulations. Plaintiff does not cite a federal statute under which he is entitled to proceed in bringing a civil rights action against Defendant—a private entity that is not Plaintiff's employer—nor is one apparent to the Court. As a result, the Court will dismiss this claim, but will do so without prejudice. *See Lopez*, 203 F.3d at 1130.

### G. Counts 6 and 8 – 18 U.S.C. §§ 241 and 1010

In Counts 6 and 8, Plaintiff attempts to bring claims under the United States Criminal Code. A private party cannot bring a civil action under the criminal code, and the Court will thus dismiss these claims with prejudice.

### H. Count 7 – Quiet Title

In Count 7, Plaintiff attempts to quiet title to his property against the claims of Defendant and, in so doing, apparently refers to section 504 of the Rehabilitation Act. Once again, it is unclear under what law Plaintiff seeks to proceed. If Plaintiff is attempting to allege a state law quiet title action, the Court lacks subject matter jurisdiction over such a state law claim in the absence of supplemental jurisdiction to a federal question claim, which Plaintiff has not successfully raised. If Plaintiff is proceeding under the Rehabilitation Act, the factual allegations are wholly inadequate to state such a claim. As a result, the Court must dismiss this claim, but will do so without prejudice. *See Lopez*, 203 F.3d at 1130.

## II. CONCLUSIONS

In sum, in screening Plaintiff's SAC (Doc. 17) under 28 U.S.C. § 1915(e)(2), the Court will dismiss with prejudice all of Plaintiff's claims against the Maricopa County Superior Court as well as Counts 3, 6 and 8. The balance of Plaintiff's claims—Counts 1, 2, 4, 5 and 7—will be dismissed without prejudice, and Plaintiff may amend the SAC to try to remedy the defects in these claims. Plaintiff is advised that he must comply with the Federal Rules of Civil Procedure in amending his pleading, including by clearly stating the law on which his claims are based, stating the basis for this Court's subject matter jurisdiction over his claims, and alleging sufficient facts to make the claims plausible. Because the Court will dismiss the SAC in its entirety, the Court will deny as moot Plaintiff's Motion for Default Judgment (Doc. 21) and "Opposition and Rule 12(c) Motion for Judgment Against the Lakewood Community (HOA)" (Doc. 22).

IT IS THEREFORE ORDERED dismissing Plaintiff's Second Amended Complaint (Doc. 17) for failure to state a claim. Plaintiff's claims against Maricopa County Superior Court and Counts 3, 6 and 8 are dismissed with prejudice. Counts 1, 2, 4, 5 and 7 are dismissed without prejudice.

IT IS FURTHER ORDERED that Plaintiff may file a Third Amended Complaint on or before October 30, 2018. Any Third Amended Complaint must comply with the provisions of this Order, the Federal Rules of Civil Procedure, and the Local Rules.

IT IS FURTHER ORDERED directing the Clerk of Court to deny all pending motions as moot and close this case without further Order of the Court if Plaintiff fails to file a Third Amended Complaint by October 30, 2018.

IT IS FURTHER ORDERED denying as moot Plaintiff's Motion for Default Judgment (Doc. 21).

IT IS FURTHER ORDERED denying as moot Plaintiff's "Opposition and Rule 12(c) Motion for Judgment Against the Lakewood Community (HOA)" (Doc. 22).

Dated this 12th day of October, 2018.

Honorable John J. Tuchi
United States District Judge